IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLIS FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:01CV637-ID |
| ) | (WO) |
| PREMIERE REFRESHMENT SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action was dismissed without prejudice on June 27, 2001 due to plaintiff's failure either to file a properly supported motion to proceed *in forma pauperis* or to pay the filing fee within the time allowed by the court.[1]  (Doc. # 7).  Plaintiff thereafter filed a pleading seeking additional time to pay the filing fee. (Doc. # 8). On July 13, 2001 – because plaintiff provided no explanation for his earlier failure to comply with the court's deadline for paying the fee or to seek a further extension of that deadline – the court denied plaintiff's motion for relief from the judgment. (Doc. # 9).  On September 12, 2001, plaintiff again sought relief from the order of dismissal stating that he was unable to pay the fee.  However, as in his previous motion for relief and despite the court's earlier order explaining why the court was denying that motion, plaintiff failed to explain why he had earlier failed to seek an extension of time to comply with the court's order establishing plaintiff's deadline.  (Doc. # 10). Accordingly, the court again denied plaintiff's motion for relief from the order of dismissal.

---

[1] Plaintiff had requested and received an extension of time to comply with the court's order to either file a properly supported IFP motion or to pay the fee.

(Doc. # 11).

Now, more than eight years after this case was dismissed, plaintiff has filed an application to proceed *in forma pauperis* in this action (Doc. ## 13, 15)  and another complaint alleging discriminatory termination by defendant Premiere in 1999. (Doc. ## 12, 14).[2]  The court construes plaintiff's new complaint(s) as another Rule 60(b) motion for relief from the June 27, 2001 judgment.  Because the motion does not present grounds justifying relief under Fed. R. Civ. P. 60(b) and because it is not made within a reasonable time as required by Fed. R. Civ. P. 60(c), it is

CONSIDERED and ORDERED that the motion be and the same is hereby DENIED.

It is further ORDERED that the motion for leave to proceed *in forma pauperis* in this closed case is DENIED as untimely.[3]

Done, this 15th day of September, 2009.

       /s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]  Plaintiff filed two complaints and two motions to proceed *in forma pauperis*, all bearing both the case number for this action and for Civil Action No. 2:01CV638, Franklin v. Rheem Manufacturing, which was dismissed by the court on July 31, 2001, and bringing claims against both Premiere Refreshments and Rheem Manufacturing.

[3]  By order entered on June 5, 2001, the court allowed plaintiff an opportunity to file a properly supported motion to proceed *in forma pauperis* **or** to pay the filing fee, and established a deadline for doing so.  Plaintiff sought and received an extension of time.  Plaintiff's new motion, even assuming it now meets the requirements of 28 U.S.C. § 1915, is more than eight years too late.